UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD C. ELINE,

Plaintiff,

v.

HOYT BRILL,

Defendant.

Civil No. 00-364 (MJD/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 5), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

When Plaintiff commenced this action in February, 2000, he was a prisoner at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota. His complaint challenges the legality of his confinement at PCF. After initiating this action, however, Plaintiff was transferred to the West Tennessee Detention Facility in Mason, Tennessee, and from there he was later transferred to the Florence Correctional Facility in Florence, Arizona. It appears that he is still incarcerated at the Arizona prison at this time.

Plaintiff did not tender the $150 filing fee prescribed by 28 U.S.C. § 1914(a), but he instead filed a self-styled request for leave to proceed IFP. (Docket No. 2.)

FILED JUN 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

However, Plaintiff's IFP application did not include the prisoner trust account information required by 28 U.S.C. § 1915(a)(2), nor was it accompanied by any initial partial filing fee, as required by 28 U.S.C. § 1915(b)(1). These two defects were called to Plaintiff's attention in a prior order of the Court, entered March 2, 2000. (Docket No. 3.) That order gave Plaintiff until March 31, 2000, to cure the defects found in his IFP application. The Court specifically informed Plaintiff that he must submit (1) a new IFP application that would have to include the certified trust account information required by § 1915(a)(2),[1] and (2) the initial partial filing fee required by § 1915(b)(1). The order further advised Plaintiff that if he did not submit both the properly completed IFP application and the requisite partial filing fee payment within the time allowed, his action would be subject to summary dismissal without prejudice.

---

[1] The Court's March 2nd order expressly pointed out, (at pp. 2-3), that --

> "The PLRA also specifically requires that prisoners seeking IFP status must submit not only the normal affidavit in support of their claim of indigence, (which is required of all IFP applicants pursuant to § 1915(a)(1)), but also "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Certified trust account information is required so that the Court can determine the initial partial filing fee that the prisoner will have to pay pursuant to § 1915(b)(1). In this District, prisoners can satisfy the requirement of § 1915(a)(2) by submitting the IFP application form prescribed for use in this District, provided that the "CERTIFICATE" portion of the application form is completed and signed by an appropriate prison official."

It later came to the Court's attention that Plaintiff's receipt of the order entered on March 2, 2000, may have been delayed because of his transfer from PCF to a prison in Tennessee.[2] Therefore, on April 18, 2000, the Court entered a second order extending the deadline by which Plaintiff was to submit his properly completed IFP application and his initial partial filing fee. (Docket No. 4.) That second order informed Plaintiff that he must comply with the requirements of the first order, (by submitting a properly completed IFP form and paying his partial filing fee), by no later than May 18, 2000, and that his action would be subject to dismissal if he failed to do so.

On May 15, 2000, Plaintiff filed a new IFP application on the form that had been provided to him by the Clerk of Court. (Docket No. 5.) However, the IFP application was not properly completed, because it did not include any of the certified trust account information required by § 1915(a)(2); nor was Plaintiff's new IFP application accompanied by the initial partial filing fee required by § 1915(b)(1). Thus, Plaintiff has not complied with either of the two specific directives originally set forth in the Court's order of March 2, 2000, and reiterated in the Court's order of April 18, 2000. Furthermore, Plaintiff has made no attempt to explain or excuse his non-compliance.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the two prior orders in this case, we now conclude that Plaintiff should be deemed to have abandoned this action.

---

[2] The Clerk's office apparently learned of Plaintiff's transfer on or about April 3, 2000. On April 7, 2000, a copy of the March 2nd order, together with a copy of the prescribed IFP application form, were mailed to Plaintiff at his new Tennessee prison address.

See Fed.R.Civ.P. 41(b) (actions may be dismissed for failure to comply with court orders); see also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 5), be DENIED; and

2. This action be DISMISSED WITHOUT PREJUDICE.

Dated: June 5, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before June 20, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.